UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10416-DJC |
| | ) | |
| | ) | |
| ALBERT REDA, | ) | |
| Defendant. | ) | |

**MOTION TO ALLOW DEFENSE EXAMINATION OF COOPERATING WITNESS CALLED BY THE DEFENSE AS HOSTILE PURSUANT TO FED.R.EVID. 611(c)(2).**

Defendant Albert Reda moves *in limine* to request that this Court allow defense counsel to make use of leading questions upon direct examination of a government-affiliated witness who may be called at trial by the defense pursuant to Fed.R.Evid. 611(c)(2).

As the Court is aware, these charges grow out of an FBI sting operation which targeted publicly-traded companies in the microcap market. To execute the sting, the FBI created a fictitious hedge fund, "SeaFin Capital, LLC." Special Agent John Keelan posed as "John Kelly," an investment manager for the fictitious fund.

The defendant currently anticipates calling Paul Desjourdy as the first witness in his case in chief, should he decide to present a defense case. Desjourdy was the corporate attorney for 1st Global Financial Corporation in June 2011, at the time when Reda, as Treasurer and Chairman of the Board, met with the UA. Desjourdy was also the President of a separate company, Symbollon Pharmaceuticals, Inc. In this capacity Desjourdy had entered into his own separate deal with the UA to acquire funding for Symbollon, accepting two separate "tranches" (installments) of funding in May and June 2011.

Desjourdy is expected to testify that he met with Reda in Burlington, MA immediately after Reda's meeting with the UA on June 29, 2011, but before Reda accepted the UA's financing. Desjourdy is expected to testify that he had been First Global's corporate attorney since October 2010. He is expected to testify that he believes Mr. Reda "expressed concern" about the deal during the lunch, and that he responded by saying his company, Symbollon, had accepted two installments of financing from the UA under the same terms, and, at the time of the lunch time meeting, was negotiating a third installment. He has stated he believed the transaction was legal for some period of time, and is expected to testify that he persuaded the Board of Directors of his company, Symbollon, that the transaction was a permissible financing arrangement.

Desjourdy is a witness aligned with the government.[1] On January 12, 2012, Desjourdy waived indictment and pled guilty to a felony information charging mail and wire fraud, pursuant to a plea agreement with the government that contemplated his continued cooperation. See *United States v. Paul Desjourdy*, 11-CR-10396-JLT (ECF No. 8). Desjourdy has been interviewed by the FBI and United States Attorney's Office on at least six separate occasions. It was apparently the government's intention to call Desjourdy as a witness against Kelly Black-White, Reda's co-defendant, in the event she went to trial. Desjourdy does not appear on the government's witness list. He has not yet been sentenced.

Argument

Fed.R.Evid. 611(c) states that leading questions should not be used on direct examination except as necessary to develop the witness's testimony. However, Rule 611(c)(2) provides that a court should ordinarily allow leading questions on direct examination "when a party calls a

---

[1] Desjourdy, through counsel, has refused three requests to speak with the defense or provide us with information.

hostile witness, an adverse party, or a witness identified with an adverse party." Rule 611(c)(2) permits the use of leading questions on direct examination of a "witness identified with an adverse party" without any requirement of a showing of hostility. *United States v. Duncan*, 712 F.Supp. 124, 126 (S.D. Ohio 1988) (detailing history of Rule 611 and holding that a "law enforcement official or other investigating agent . . . may qualify as a witness identified with an adverse party in an action brought by the Government against criminal defendants, absent a positive showing by the Government that the witness is not hostile, biased, or so identified with the adverse party . . .");[2] H.R.Rep. No. 93-650, 93d Cong., 1st Sess. 12 (1973) (noting that congressional amendment to Proposed Rule 611(c) was intended to entitle defendants to call witnesses identified with the prosecution and permit examination through leading questions); *See also* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 611.06[3] (Joseph M. McLaughlin ed., Matthew Bender 2d ed. 2006) (noting that the last sentence of Rule 611(c) provides that certain categories of witnesses can automatically be treated as hostile" and that "the amendment . . . has the effect of extending to a defendant in a criminal case the right to ask leading questions of a witness called by the defendant but identified with the government."). A government informant can be considered a witness who is closely identified with the prosecution and should be presumed hostile. *See e.g. United States v. Bryant*, 461 F.2d 912 (6th Cir. 1972). As the *Bryant* court noted, when the witness is a Government agent or another witness closely identified with the interest of the government:

---

[2] *Cf. United States v. Hicks*, 748 F.2d 854 (4th Cir. 1984) (government allowed to use leading questions on direct of defendant's girlfriend because she was 'identified with an adverse party.'); *United States v. Shursen*, 649 F.2d 1250 (8th Cir. 1981) (much of government's case against defendant charged with operating a floating blackjack game depended on testimony of witnesses who were friends of the defendant and participants in the game, thus leading questions were permissible).

> It is realistic to assume, in such a case, that the witness will not be predisposed to accept suggestions offered by defense counsel's questions. Such a witness . . is not likely to be tractable on direct examination by defense counsel. Accordingly, defense counsel should be permitted to lead such a witness unless the government establishes that the witness is not hostile or biased against the defense.

*Id*. at 918-919. Accordingly, Mr. Reda respectfully requests that this Honorable Court allow the use of leading questions pursuant to Fed.R.Evid. 611(c)(2) in its direct examination of government-affiliated witness Paul Desjourdy.

                      Respectfully Submitted,

                      ALBERT REDA
                      By his attorney

                      /s/ Ian Gold_____
                      Ian Gold
                      (BBO# 665948)
                      Federal Defender's Office
                      51 Sleeper Street, 5th FL
                      Boston, Massachusetts 02210

Dated: November 3, 2013.

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, November 3, 2013.

                                                  /s/ Ian Gold