UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10416-DJC |
| | ) | |
| ALBERT REDA | ) | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Counsel for Albert Reda respectfully submits this supplemental memorandum in aid of sentencing.  At the original sentencing in this matter, this Court did not grant Mr. Reda any downward departures.  The Court did sentence Reda below the applicable guideline range, but it did so under the authority of 18 U.S.C. §3553(a), citing, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant . . ., the seriousness of the offense, [the need] to promote respect for the law and to provide just punishment for the offense, [and] to protect the public from further crimes of the defendant."  See Judgment, Statement of Reasons, p.9.

RELEVANT CONSIDERATIONS UNDER 18 U.S.C. §3553(a)

18 U.S.C. §3553(a) dictates that a sentence shall be "sufficient but not greater than necessary [] to comply with the purposes set forth" in ¶2 of the statute.  An appropriate sentence reflects the seriousness of the offense, provides just punishment for the offense, promotes respect for the law,

-1-

adequately deters criminal conduct, protects the public from the defendant's further crimes, and strives to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. §3553(a)(2).  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court stated that

> After giving both parties an opportunity to argue for whatever sentence they deem appropriate the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. . . .  He must make an individualized assessment based on the facts presented. . . . After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

552 U.S. at 49-50 (internal citations omitted).  The facts of Gall make clear that a sentencing judge may take mitigating factors into account in fashioning a sentence, whether or not those factors have been previously identified by the Sentencing Commission as relevant to the formulation of a sentence, without abusing his discretion in doing so.  In the end, the goal is to achieve an appropriate and reasonable sentence.

This Court previously determined that Albert Reda's history and characteristics, and the other §3553(a) factors, warranted a downward variance from the advisory guideline range.  As of February 24, 2016, Mr. Reda will have served 20 months of his original 26-month sentence.  Counsel has argued in a separate memorandum why the value of the stock transferred to the government warrants a two-level downward adjustment to the

offense level, making the resulting advisory range 24 to 30 months under the then-applicable guidelines. Keeping in place the 4-month downward variance this Court granted at the original sentencing would result in a 20-month sentence. It would therefore be appropriate for this Court to reduce Mr. Reda's sentence to the time he has served.

There are other reasons for this Court to reduce Mr. Reda's sentence. This Court may properly consider his post-sentence rehabilitation as a mitigating factor under 18 U.S.C. §3553. See Pepper v. United States, 562 U.S 476 (2011), and 18 U.S.C. §3661. Mr. Reda has received treatment for his alcohol use while in the custody of the Bureau of Prisons. He entered the Residential Drug Abuse Program at Lompoc early in 2015. His stay in the program was interrupted when he became seriously ill with bacterial meningitis. Medical records show that he became incoherent and non-verbal, developed a high fever, was initially diagnosed with what was thought to be an earache, and ended up spending six weeks in the hospital, between February 18 and March 31, 2015. As a result, the interruption in his RDAP programming caused by this hospitalization reduced the amount of time reduction Reda was allowed to earn off of his sentence, because the hospitalization was deemed to be time away from the program,

though it was clearly not his fault.[1]  Nonetheless, Reda finished the prison-based portion of the program and is now at the re-entry facility.  The memorandum updating Reda's status from Probation Officer Martha Victoria confirms that Reda has been in treatment and has not had any disciplinary incidents while in custody.  It should also be remembered that Mr. Reda is of advanced age: he will be 70 years old in a matter of months.  He has already suffered an extremely serious health crisis while in the custody of the Bureau and is frankly fearful of another.

## CONCLUSION

Counsel for Albert Reda requests this Court to resentence him to the time he has already served, which is a period of twenty months.  This sentence fulfills the requirements of 18 U.S.C. §3553(a), as it is sufficient but not greater than necessary to provide adequate punishment, deter criminal conduct, promote respect for the law, and accommodate Mr. Reda's physical needs at this time of his life.

---

[1] The Probation memo indicates that Reda began his RDAP programming on March 31, 2015, which was the date he was discharged from the Lompoc Valley Medical Center back to BOP custody.  It appears that the Bureau essentially required him to start the program over when he got out of the hospital.

                                          Respectfully submitted,

                                          By His Attorney,

                                          /s/ Syrie D. Fried
                                          Syrie D. Fried
                                              B.B.O. #555815
                                          2 Clock Tower Place
                                          Suite 260 EF
                                          Maynard, MA 01754
                                          (978) 897-5600

                            CERTIFICATE OF SERVICE

    I hereby certify that the above memorandum was filed electronically via this court's electronic case-filing system ("ECF"), and will be served electronically upon the parties identified in the Notice of Electronic Filing ("NEF") this 22nd day of February, 2016.

                                          /s/ Syrie D. Fried